IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TYRELL JOHN T.J. CONNOR, <br><br> Defendant. | CR 10-24-GF-BMM-02 <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Mr. Connor of violating his conditions of supervised release by failing to reside in a residential reentry center and using methamphetamine on several occasions. He admitted to the violations. Mr. Connor's supervised release should be revoked. He should be sentenced to eight months in custody, with credit for time served, and thirty-seven months of supervised release to follow, with the first 180 days in a residential reentry center.

## II. Status

Mr. Connor pleaded guilty of to the crime of Arson in July 2010. He was sentenced to forty-five months of incarceration, followed by sixty months of

1

supervised release, and ordered to pay $220,000 restitution. (Doc. 106.) He began his first period of supervised release in Wyoming in October 2013, where he resided in a pre-release facility. Mr. Connor returned to Montana in January 2014 after he was terminated from his job, and he signed the terms of his supervision in the District of Montana on February 6, 2014. (Doc. 123.)

In March 2014, the United States Probation Office submitted a Report of Offender under Supervision, notifying the Court that Mr. Connor had used methamphetamine. (Doc. 121.) On June 5, 2014, Mr. Connor's supervised release was revoked because he violated its conditions by failing to report for urinalysis testing and failing to complete substance abuse treatment. He was sentenced to six months of custody, with 54 months of supervised release. (Doc. 130.) His second term of supervision began on November 24, 2014. (Doc. 133.)

On March 10, 2015, Mr. Connor's supervised release was revoked because he used methamphetamine, failed to participate in substance abuse testing, and failed to participate in substance abuse treatment. He was sentenced to four months of custody and 50 months of supervised release. (Doc. 141.) Mr. Connor's next term of supervised release began on June 19, 2015. (Doc. 158.)

On July 16, 2015, the United States Probation Office filed a Report of Offender under Supervision to inform the Court that Mr. Connor had used

methamphetamine. (Doc. 154.)

On January 6, 2016, Mr. Connor's supervised release was revoked because he violated his conditions by using methamphetamine, failing to participate in substance abuse treatment, failing to participate in substance abuse testing, and failing to make restitution payments. He was sentenced to ninty-nine days in custody and forty-six months of supervised release. (Doc. 170.) Mr. Connor began his next term of supervised release on February 24, 2016. (Doc. 172.)

On March 15, 2016, Mr. Connor's supervised release was revoked because he used methamphetamine and failed to reside at a Residential Reentry Center. The Court sentenced Mr. Connor to time served until March 18, 2016, with forty-five months of supervised release to follow. (Doc. 179.) His current term of supervision began on March 18, 2016.

**Petition**

On June 29, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Connor's supervised release. In the petition, the Probation Office accused Mr. Connor of violating his conditions of supervised release by failing to reside in a residential reentry center and using methamphetamine on several occasions. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Connor's arrest. (Doc. 186.)

**Initial appearance**

On July 8, 2016, Mr. Connor appeared before the undersigned in Great Falls, Montana. Federal Defender Hank Branom accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Connor said he had read the petition and understood the allegations. He did not contest the alleged violations. Mr. Connor waived the preliminary hearing, and the parties consented to the jurisdiction of a magistrate judge for the revocation hearing. The hearing was scheduled for July 15, 2016.

**Revocation hearing**

On July 15, 2016, Mr. Connor appeared at the revocation hearing with Mr. Branom. Mr. Dake appeared on behalf of the United States.

Mr. Connor admitted that he violated the conditions of his supervised release as alleged in the petition. The violations are serious and warrant revocation of Mr. Connor's supervised release. A sentencing hearing was scheduled for August 2, 2016. This hearing was then reset for October 4, 2016.

On October 4, 2016, Mr. Connor appeared before the undersigned for his sentencing hearing. Mr. Branom Accompanied him. Mr. Jeffery Starnes represented the United States. Mr. Connor's violation grade is Grade C, his

criminal history category is I, and his underlying offense is a Class B felony. He could be incarcerated for up to thirty-six months. He could be ordered to remain on supervised release for up to forty-five months, less any custodial time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommended that Mr. Connor receive a sentence of eight months, with credit for time served and that Mr. Conner be assigned to a Residential Reentry Center. Mr. Starnes recommended a sentence in the middle of the guideline range. Both parties agreed that Mr. Connor should reside in a Residential Reentry Center for 180 days upon release from custody.

### III. Analysis

Mr. Connor's supervised release should be revoked because he admitted violating its conditions. Mr. Connor should be sentenced eight months in custody, less time served, with thirty-seven months of supervised release to follow. Based on the parties' recommendation, Mr. Connor should be required to reside in a residential reentry center for 180 days upon release from custody. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Connor was advised that the above sentence would be recommended to

Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Connor's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Connor's supervised release and what, if any, sanction to impose. Mr. Connor waived his right to object.

The undersigned **FINDS:**

    1. Mr. Connor violated the conditions of his supervised release by failing to reside in a residential reentry center and using methamphetamine on several occasions.

The undersigned **RECOMMENDS:**

    The district court should enter the attached Judgment, revoking Mr. Connor's supervised release and sentencing Mr. Connor to eight months in custody, with thirty-seven months of supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment, along with the additional condition that Mr. Connor reside in a residential reentry center for the first six months of the supervision period.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

# RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 11th day of October 2016.

John Johnston
United States Magistrate Judge